PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.

---

In the Matter of the Petition of WILLIAM C. CAMP, Respondent.
In the Matter of the Petition of MARY ELLA CAMP, Respondent.
In the Matter of the Petition of JULIA A. TEBBETTS, Respondent.
NELSON CROSS, as Executor, etc., of CALVIN B. CAMP, Deceased, Appellant.

*Guardian and ward — a surrogate may direct the executor of deceased guardian to account — res adjudicata.*

Jurisdiction to direct the executor of a deceased guardian to account is conferred upon the surrogate by section 2606 of the Code of Civil Procedure.

In a proceeding instituted against one Calvin B. Camp by his children, it was decided by the Court of Appeals that he had received a certain fund as guardian for his children, subject to his right to use the fund during his life ; that the surrogate had power to direct an accounting, but that payment to the infants could not be directed during the lifetime of their father.

Pending a new accounting, the father died and the matter was continued against his executor whose answer did not deny the allegations of the petition relative to the prior proceedings against the father.

*Held,* that the question whether the father was bound to render an account of his proceedings as guardian was not open for consideration, and that it was to be taken as a fact that he received the fund in question as guardian.

APPEAL by Nelson Cross, as executor of Calvin B. Camp, deceased, from three orders of the Surrogate's Court of the county of Kings bearing date on the 3d day of May, 1895, and entered in said court, directing him, as such executor, to file the accounts of Calvin B. Camp as general guardian of the petitioners.

These proceedings were instituted by the petitioners to compel the executor of Calvin B. Camp, deceased, to account for the proceedings of said Camp, as general guardian of the petitioners, and to compel the payment to them of an award in condemnation proceedings which was alleged to have been received by Camp as guardian of the petitioners.

*William C. Beecher*, for the appellant.

*F. B. Jennings*, for the respondents.

BROWN, P. J.:

The rights of the petitioners and their father, Calvin B. Camp, in and to the fund in question were fully discussed and settled in the proceeding instituted during Mr. Camp's lifetime. The Court of Appeals decided that Calvin B. Camp received the fund as guardian for his children, subject to his individual right to the use of the same for his own life; that the surrogate had power to direct an accounting, but that payment to the infants could not be directed during the guardian's lifetime.

Accordingly the decree of the surrogate directing immediate payment to the petitioners was reversed and the accounting directed to proceed anew. (*Matter of Camp*, 126 N. Y. 377.)

Pending the new accounting Mr. Camp died. Thereupon these proceedings were instituted.

Jurisdiction to direct the executor of a deceased guardian to account is conferred upon the surrogate by section 2606 of the Code of Civil Procedure.

There is no denial in the answers of the allegations in the petitions as to the prior proceeding against Mr. Camp, and it having been there determined that he was bound to render an account of his proceedings as guardian, that question is not open for consideration here. It is to be taken as a fact that the fund was received by Mr. Camp as guardian.

The appointment as guardian having been admitted, the right of the petitioners to an accounting was established.

The orders must be affirmed, with ten dollars costs and disbursements in each case.

PRATT and DYKMAN, JJ., concurred.

Orders affirmed, with ten dollars costs and disbursements in each case.